IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LESTER EUGENE RITER; TERESA MARIE ALTMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD F. WACKER, ET AL.,<br><br>Defendants. | CIV. NO. 19-00482 JMS-WRP<br><br>ORDER (1) DISMISSING COMPLAINT WITH PREJUDICE AND (2) DENYING IFP APPLICATION |

**ORDER (1) DISMISSING COMPLAINT WITH PREJUDICE AND (2) DENYING IFP APPLICATION**

**I. INTRODUCTION**

Before the court is Plaintiffs Lester Eugene Riter's ("Riter") and Teresa Marie Altman's ("Altman") (collectively, "Plaintiffs") Complaint against various Defendants[1] that appears to arise out of an alleged wrongful foreclosure of Plaintiffs' property. ECF No. 1. Plaintiffs also filed jointly an Application to Proceed in forma pauperis ("IFP Application"). ECF No. 2.

---

[1] Plaintiffs name as defendants: Richard F. Wacker ("Wacker"), CEO of American Savings Bank ("ASB"); Constance Lau ("Lau"), ASB Chairman; Marvin S.C. Dang LLLC ("Dang"); Summer Okada ("Okada"); Geraldine K. Cheplic of American Mutual Group ("Cheplic"); Alan H. Tuhy ("Tuhy"); and various DOE Defendants. ECF No. 1 at PageID #1.

For the reasons set forth below, the Complaint is DISMISSED with prejudice for lack of subject-matter jurisdiction and Plaintiffs' IFP Application is DENIED as moot.

## II. BACKGROUND

The Complaint alleges:

> American Savings Bank . . . Wacker as [CEO] and . . . Lau as Chairman, have accepted money from [Plaintiffs] for "Homeowners" and paid Homeowners insurance for about twenty years. ASB denies being an insurance agent, yet they fit the description of an insurance agent, therefore they are an insurance agent. They want the benefits but not the responsibility.
>
> ASB has hired a "commissioner" to sell the property. Attorney Alan Tuhy (commissioner) wrote a letter demanding access to the property.
>
> ASB owes [Plaintiffs] more money than [they] owe ASB, yet Judge Nakamoto found in favor of ASB.

Compl. ¶ 6, ECF No. 1 at PageID #2. Based on these allegations, Plaintiffs seek the following relief:

> a. All legal activities regarding ASB be stopped until all things regarding ASB get straightened out.
>
> b. ASB is considered an insurance company, when they take money for insurance.
>
> c. ASB is responsible for the loss caused by the robbery, plus interest and fees.
>
> d. If ASB wants to take the property in foreclosure, then they must do the following before they take the property:

> (1.1) Refund the difference between the principle and the original value of the property, plus, the same percentage compounded at the same frequency as the bank was charging us.
>
> (1.2) Refund all the money paid to ASB, plus the same percentage compounded at the same frequency as the bank was charging us.

*Id.* ¶ 7, ECF No. 1 at PageID #2.  The Complaint attempts to establish subject-matter jurisdiction based on Plaintiffs' assertion that "[they] were treated differently than the bank, and there is more than one state involved."  *Id.* ¶ 5, ECF No. 1 at PageID #2.

Because neither federal question nor diversity jurisdiction appears to apply to this action, on October 11, 2019, the court ORDERED Plaintiffs to show cause by November 12, 2019 why this action should not be dismissed for lack of subject-matter jurisdiction ("OSC").  ECF No. 4.  The court held Plaintiffs' IFP Application in abeyance pending the filing of their Response.  *Id.*

On November 12, 2019, Plaintiffs filed a "Reply" purporting to demonstrate the existence of federal question jurisdiction, and on December 23, 2019, Plaintiffs filed a document titled "Citizenship of Defendants" (collectively, "Response").  ECF Nos. 9, 12.[2]  Plaintiffs' Response largely contains conclusory

---

[2] Meanwhile, on October 31, 2019, Defendants Wacker and Lau filed a Motion to Dismiss for lack of subject-matter jurisdiction.  ECF No. 7.  Because the court had not yet ruled on the IFP
(continued . . .)

3

factual allegations and nonsensical legal assertions purporting to show that their Complaint asserts claims that ASB violated Plaintiffs' First Amendment rights to petition the Government for redress of a grievance and to religion. For example, Plaintiffs contend:

> [We] have petitioned the Government for a redress of a grievance: American Savings Bank charges interest and fees but does not want to pay them. They want to treat us differently than they are Treated. That violates the United States Constitution, Amendment I and the intent of the framers of the United States Constitution. The framers of the United States Constitution wanted freedom and equality. They did not want a king or anyone who would hire men to die for them. They wanted "all men are created equal."
>
> Inequality violates the "religion" part of the United States Constitution, Amendment I by:
>
> 1. Religiously we are Protestant Christians.
>
> 2. The majority of eastern philosophies believe in reincarnation which leads to inequality.
>
> 3. Inequality leads to American Savings Bank charging interest and fees and not paying interest and fees, because apparently they think they are superior to others, which is inequality.
>
> 4. Therefore American Savings Bank not paying interest and fees leads to a violation of the United States Constitution, Amendment I.

---

Application, and if granted, screened the Complaint, and Defendants had not yet been served, the court found Defendants' Motion to be premature. The Motion was DENIED without prejudice to refiling if a screened complaint is served on Defendants. ECF No. 8.

ECF No. 9 at PageID #105. The Response does not provide any information regarding the parties' citizenship beyond that alleged in the Complaint; rather, it asks the citizenship of each Defendant. *See* ECF No. 12 at PageID #118 (asking whether each Defendant and this court is "a citizen of the United States of America," and "[i]f not, then which country and when?").

### III. <u>STANDARDS OF REVIEW</u>

The court may dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (per curiam); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiffs bear the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, Plaintiffs must allege sufficient

5

facts to show a proper basis for the court to assert subject-matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Plaintiffs are appearing pro se; consequently, the court liberally construes the Complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court must grant leave to amend if it appears that Plaintiffs can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV. **DISCUSSION**

Applying these principles, and after considering Plaintiffs' Response to this court's OSC, the court DISMISSES the Complaint for lack of subject-matter jurisdiction.

**A.     Subject-Matter Jurisdiction Legal Standard**

In general, Plaintiffs may establish the court's subject-matter jurisdiction in one of two ways. First, Plaintiffs may assert that Defendants violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

6

actions arising under the Constitution, laws, or treaties of the United States."). Under § 1331, federal question jurisdiction exists if the plaintiff "pleads a *colorable* claim arising under the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (emphasis added). "[F]ailing to raise a substantial federal question for jurisdictional purposes" is not the same as "failing to state a claim for relief on the merits." *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2019) (collecting cases). Generally, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction," but a plaintiff cannot establish federal question jurisdiction by asserting a federal claim that is "so insubstantial, implausible, foreclosed by prior [Supreme Court] decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) and collecting cases). "[T]he test is whether the cause of action is so *patently without merit* as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Envt'l Study Grp., Inc.*, 438 U.S. 59, 70 (1978) (ellipsis and quotation marks omitted).

Alternatively, Plaintiffs may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or

7

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

**B.      Application of Legal Standard**

Here, liberally construing Plaintiffs' Response and Complaint together as one pleading, it appears that Plaintiffs are attempting to assert a claim under 42 U.S.C. § 1983 for violation of their First Amendment rights.  To state a claim under § 1983, Plaintiffs must allege both (1) "the deprivation of a right secured by the federal Constitution or statutory law," *and* (2) "that the deprivation was committed by a person acting under color of state law."  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Even construing Plaintiffs' Complaint as asserting a § 1983 claim, such claim is neither colorable nor arguable; rather, it is "wholly insubstantial and frivolous" or "patently without merit."  *Duke Power Co.*, 438 U.S. at 70. Plaintiffs' claim does not in any way implicate state action and is not brought against the State or any state official.  That is, no individual Defendant is a state official and American Savings Bank is a private entity.  *See Tia v. Am. Sav. Bank*, 2018 WL 1123855, at *5 (D. Haw. Mar. 1, 2018) (dismissing § 1983 claim because neither American Savings Bank nor any of its employees was a state actor); *Hoapili v. Am. Sav. Bank*, 2012 WL 5305147, at *2 (D. Haw. Sept. 14,

2012) ("There is no indication in the Complaint that American Savings Bank was acting under color of state law[.]").

A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). But "the central question [is] whether the alleged infringement of federal rights [is] fairly attributable to the government." *Kirtley v. Rainey*, 326 F.3d 1088, 1096 (9th Cir. 2003) (citation and internal quotation marks omitted). Here, Plaintiffs fail to allege any *facts* to show government action. *See, e.g.*, *McNutt*, 298 U.S. at 182 ("It is incumbent upon the plaintiff properly to allege the jurisdictional *facts*[.]") (emphasis added); *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir. 2014) (recognizing that a "plaintiff bears the burden of proving" the existence of subject-matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction). Although given an opportunity, Plaintiffs, in their Response, failed to make a colorable claim that ASB acted under color of state law or is a state actor.

And although Plaintiffs state that "there is more than one state involved," ECF No. 1 at PageID #2, they do not assert, and apparently cannot assert, the existence of diversity jurisdiction. The Complaint alleges Hawaii mailing and physical addresses for both Plaintiffs, and Hawaii addresses for most

9

Defendants.  *Id.*; ECF No. 1-1 at PageID #3-4.  That is, it appears that Plaintiffs and most Defendants are citizens of Hawaii.

In short, Plaintiffs have failed to establish federal question jurisdiction or complete diversity of citizenship of the parties, thereby depriving this court of federal subject-matter jurisdiction over the action.

## V. <u>CONCLUSION</u>

Based on the foregoing, the Complaint is DISMISSED with prejudice for lack of subject-matter jurisdiction and Plaintiffs' IFP Application is DENIED as MOOT.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 24, 2020.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Riter, et al. v. Wacker, et al.*, Civ. No. 19-00482 JMS-WRP, Order (1) Dismissing Complaint with Prejudice and (2) Denying IFP Application